902 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bernard MOWINSKI, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 90-3086.
 United States Court of Appeals, Federal Circuit.
 April 11, 1990.
 
 Before RICH and PLAGER, Circuit Judges, and DUPLANTIER, Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Bernard Mowinski appeals from the December 22, 1989 decision of the Administrative Judge (AJ), docket number SF075289C0642, which became the final decision of the Merit Systems Protection Board (Board) on January 26, 1990. The AJ denied Mowinski's motion to enforce compliance with a settlement agreement between the parties reported in a prior Board decision of October 5, 1989, docket number SF07528910642, because he found the Department of the Army (Army) to be in compliance with the agreement. We affirm.
 
 OPINION
 
 2
 The December 22, 1989 decision of the AJ involved but one issue: whether the Army had complied with paragraphs 2 and 13 of the settlement agreement of October 5, 1989. On appeal, Mowinski does not challenge the AJ's finding that the Army complied with the agreement, nor does he argue that he was misled as to the significance of its terms. Rather, he argues that the AJ was "biased" and that he entered into the settlement agreement under "duress." According to Mowinski, we should "[s]et aside the [settlement agreement and AJ's] decision entered into on October 5, 1989 thus allowing [him] to proceed with a full hearing," presumably on the question of whether the Army properly dismissed him from his position as contract specialist. He has not argued these points before the Board but raises them before us for the first time.
 
 
 3
 We do not consider issues that were neither presented to nor decided by the Board. We are strictly a court of review. Therefore, since Mowinski's challenge to the validity of the settlement agreement was never raised before the AJ, it is not a proper subject for review on this appeal.
 
 
 
 *
 Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation